Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2020 07:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV43734
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
ROSA LILIAN PADILLA AYALA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ROSA LILIAN PADILLA AYALA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TELEDYNE DEFENSE ELECTRONICS, LLC, D/B/A TELEDYNE RELAYS, a Delaware limited liability company; VERONICA CLAXO, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 20STCV43734 <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br><br> 2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br><br> 3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br><br> 4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** <br><br> 5. **FOR DECLARATORY JUDGMENT; AND** <br><br> 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** <br><br> **DEMAND OVER $25,000** <br><br> **[DEMAND FOR JURY TRIAL]** |

COMES NOW PLAINTIFF, **ROSA LILIAN PADILLA AYALA,** and for causes of action against the Defendants and each of them, alleges as follows:

-1-
COMPLAINT FOR DAMAGES

Exhibit A

## JURISDICTION

1. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2. Plaintiff, ROSA LILIAN PADILLA AYALA, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant TELEDYNE DEFENSE ELECTRONICS, LLC, D/B/A TELEDYNE RELAYS (hereinafter referred to as "Employer") was and is a California corporation doing business at 12525 Daphne Avenue, in the City of Hawthorne, County of Los Angeles, State of California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer owned and operated a private defense manufacturing company.

5. At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant VERONICA CLAXO, was and is an individual resident of the County of Los Angeles, State of California, and is hereinafter individually referred to by last name. CLAXO was Employer's managers, corporate agents, supervisors, and/or employees.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named

Exhibit A

Exhibit A

Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and CLAXO, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and CLAXO, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11. Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

Exhibit A

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

   a. Employer is completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

   b. Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

   c. Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

   d. Employer does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

   e. The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employer is, and at all times relevant hereto was, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14. Accordingly, Employer constitutes the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employer, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

17. In or around 2005, Employers hired Plaintiff to work as an assembly laborer. Plaintiff was a full-time, non-exempt employee, and performed Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about April 13, 2020.

18. At the time of Plaintiff's termination, Plaintiff was 51 years old.

19. In or around March 2017, Employers transferred Plaintiff to a different department. Plaintiff's new supervisor, CLAXO harassed Plaintiff by calling her racial slurs, such as "wetback," on a daily basis. Plaintiff reported CLAXO's behavior to Employer, however, Employer failed to investigate CLAXO's behavior and protect Plaintiff from future incidents of harassment.

20. In or around September 18, 2018, Plaintiff again reported CLAXO's harassment. Despite her complaints, Employer forced Plaintiff to remain in CLAXO's department where she was continuously harassed for the remainder of her employment.

21. On or about April 13, 2020, Respondent wrongfully terminated Plaintiff.

22. Defendants discriminated and retaliated against Plaintiff by terminating Plaintiff's employment after reporting harassment.

23. Defendants also subjected the Plaintiff to harassment by constantly and consistently directing offensive comments and racial slurs towards Plaintiff and by forcing her to remain under the supervision of her harasser.

24. Plaintiff's termination was substantially motivated by Plaintiff's race, national origin, and and/or engagement in protected activities. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

25. Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to CLAXO and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

26. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

27. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

28. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

Exhibit A

29. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST EMPLOYER DEFENDANTS

30. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25, inclusive, as though set forth in full herein.

31. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

32. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

33. FEHA requires Defendants to refrain from discriminating against an employee on the basis of race, national origin, and to prevent discrimination and harassment on the basis of engagement in protected activities from occurring.

34. Plaintiff was a member of multiple protected classes as a result of Plaintiff's race and national origin.

35. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

36. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

37. Plaintiff is informed and believes that Plaintiff's race, national origin, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating

Exhibit A

reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

38. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

39. The damage allegations of Paragraphs 26 through 29, inclusive, are herein incorporated by reference.

40. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

41. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

42. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25, inclusive, as though set forth in full herein.

43. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

44. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

45. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's race, national origin, and engagement in protected activities, as set forth hereinabove.

46. Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

47. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's race, national origin, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

48. The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

49. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause in Plaintiff's damage as stated below.

50. The damage allegations of Paragraphs 26 through 29, inclusive, are herein incorporated by reference.

51. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

52. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION
### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### AGAINST EMPLOYER DEFENDANTS

53. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25, inclusive, as though set forth in full herein.

54. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

55. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

56. Plaintiff engaged in the protected activities of complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's race and national origin.

57. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

58. Plaintiff is informed and believes that Plaintiff's conduct of complaining about and protesting about Defendants' discriminatory and harassing conduct, which were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

59. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

60. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

61. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

62. The damage allegations of Paragraphs 26 through 29, inclusive, are herein incorporated by reference.

63. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

Exhibit A

64. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k)
## AGAINST EMPLOYER DEFENDANTS

65. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25, inclusive, as though set forth in full herein.

66. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

67. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

68. The damage allegations of Paragraphs 26 through 29, inclusive, are herein incorporated by reference.

69. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

70. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-11-
COMPLAINT FOR DAMAGES

Exhibit A

## FIFTH CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST EMPLOYER DEFENDANTS

71. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 70, inclusive, as though set forth in full herein.

72. Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.
>
> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.
>
> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

73. Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

74. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic

information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

75. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's race, national origin, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's race, national origin, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's race, national origin, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

76. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's race, national origin, engagement in protected activities, and/or some combination of these protected characteristics.

77. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's race, national origin, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

78. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

79. A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

Exhibit A

80. Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST EMPLOYER DEFENDANTS

81. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25, inclusive, as though set forth in full herein.

82. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of race, national origin, and from retaliating against any employee who engages in protected activity.

83. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of race, national origin, and/or engagement in protected activity.

84. Plaintiff believes and thereon alleges that Plaintiff's race, national origin, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

85. Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of race, national origin, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

86. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these

Exhibit A

1. laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

87. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee in violation of FEHA.

88. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

89. The damage allegations of Paragraphs 26 through 29, inclusive, are herein incorporated by reference.

90. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

7. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

8. For post-judgment interest; and

9. For any other relief that is just and proper.

DATED: November 12, 2020

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
ROSA LILIAN PADILLA AYALA

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: November 12, 2020

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
ROSA LILIAN PADILLA AYALA